UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                               CASE No. 1:18-cr-186

v.

                               HON. ROBERT J. JONKER

KYLE LYNN CARSON,

       Defendant.

_____/

## **ORDER**

The government charged defendant by Indictment with one count of interference with commerce by threat or robbery.  ECF No. 1.  The Court initially appointed counsel based on defendant's financial affidavit demonstrating he qualified.  ECF Nos. 7, 8.  The Court later permitted appointed counsel to withdraw so that defendant's retained counsel, Suzanna Kostovski, could substitute into the case.  ECF No. 30.  Defendant appeared with retained counsel several months later to change his plea to "guilty" under  a Plea Agreement.  The Court accepted the plea and adjudicated defendant guilty on September 25, 2023.  The Court set sentencing for January 29, 2024.  ECF No. 46.

On January 2, 2024, retained counsel moved for leave to withdraw based on her 90-day suspension-by-consent with the Michigan Attorney Discipline Commission.  ECF No. 65.  The effective date of the suspension was December 14, 2023, and so counsel obviously could not appear for a January 29 sentencing hearing.  However, counsel had been well-prepared and effective in her proceedings before the Court in this case, and her client had retained her despite having qualified for appointed counsel.  The Court therefore directed retained counsel and

defendant to advise the Court of a preference for adjourning the sentencing to a date following suspension so retained counsel could continue with the case, or for defendant proceeding with new counsel, whether retained or appointed.  ECF No. 66.  The defense responded with a request for an adjourned sentencing to permit retained counsel to continue with the case.  ECF No. 72.  The Court re-scheduled the sentencing to March 25, 2024, which was a date after the 90-day suspension was expected to have run.

The Court received a letter dated March 18, 2024, from Ms. Kostovski indicating that she had not been reinstated to practice law.  A copy of her letter is attached as Exhibit A.  Her letter did not explain why, and a review of the Attorney Discipline Commission's report on the matter does not indicate why either.   The Court re-scheduled the sentencing to May 13, 2024, in hopes that the issue was a short-term glitch.  ECF NO. 77.  The Court has just received a series of letters directly from defendant Carson that suggests the problem is not likely to clear up on its own.  Defendant does not expressly ask for appointment of new counsel, but he does request "a bond," or "any guidance or help" with the issue.  A copy of the series of letters just received directly from defendant are attached as Exhibit B.

At this point the Court Orders the Public Defender to appoint counsel on defendant's behalf.  He clearly qualifies based on his original affidavit.  And given the current unavailability of defendant's retained counsel, getting defendant appointed counsel is the best option for addressing these issues.  Appointed counsel may, with defendant's consent, seek to replace retained counsel and take over as the only counsel of record for defendant in this case.  Or appointed counsel may, again with defendant's consent, seek additional relief that would allow retained counsel to pick up the case when her suspension is lifted.  **For now the Court will retain**

**the existing sentencing date of May 13, 2024.**  The Final PSR is a matter of record.  ECF No. 76.  It calculates a guideline range of 70-87 months (LO 27/CH I), but the defendant has, through retained counsel, preserved a number of objections.

Dated:   April 25, 2024                    /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE

3